United States District Court
Southern District of Texas
**ENTERED**
November 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YVETTE S. ATKINSON, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:22-cv-04315 |
| § | |
| STEPHEN PUSTILNIK, *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Plaintiff Yvette Atkinson has filed a Motion for Leave to File a Third Amended Complaint. Dkt. 56.

Federal Rule of Civil Procedure 15 governs leave to amend, providing that a district "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although the decision to grant or deny leave to amend is technically "within the discretion of the trial court," *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971), such discretion is cabined by Rule 15(a)'s bias in favor of granting leave. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) ("In the context of motions to amend pleadings, 'discretion' may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." (quotation omitted)). It follows that leave to amend should be granted "unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009); *see also Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) ("[L]eave to amend should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances.").

I recently granted a motion to dismiss filed by the Fort Bend Defendants,[1] and granted in part and denied in part a motion to dismiss filed by Dr. Stephen Pustilnik. *See* Dkt. 37. Atkinson now asks to file a Third Amended Complaint, which would add additional factual allegations aimed at addressing the flaws identified in her Second Amended Complaint.[2] The proposed Third Amended Complaint would also add, for the first time, a bystander liability claim.

Defendants oppose Atkinson's request to file a Third Amended Complaint on the grounds that the proposed amendments (1) would result in unnecessary delay; (2) would cause undue prejudice; and (3) are futile. Admittedly, I am reluctant to give Atkinson a fourth bite at the apple, especially given how much time and effort the parties have already spent testing the sufficiency of the Second Amended Complaint. But I think Fifth Circuit precedent compels me to allow Atkinson to amend her complaint. Earlier this year, the Fifth Circuit explained that "plaintiffs facing a motion to dismiss [should] go through a process of receiving briefing from the [defendant], conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024). After receipt and review of such a ruling from the district court, the Fifth Circuit continued, a plaintiff should be permitted to "replead[] via amendment, a routine practice sanctioned under [Rule] 15(a)." *Id.* at 395.

Allowing Atkinson to amend her complaint will not result in undue delay or prejudice. The filing of Atkinson's Third Amended Complaint will, I expect, be met by a motion to dismiss that pleading. I pledge to do everything in my power to ensure that a ruling on such motion is issued promptly. There should be no delay

---

[1] The "Fort Bend Defendants" consist of Fort Bend County, Fort Bend County Judge KP George, and Fort Bend County Commissioners Vincent Morales, Grady Prestage, W.A. "Andy" Meyers, Dexter L. McCoy, and Kenneth R. DeMerchant.

[2] To date, the Second Amended Complaint is the only pleading that has been scrutinized by a ruling on a motion to dismiss.

to these proceedings. And even if there is delay caused by the filing of a Third Amended Complaint, it is well-settled that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). In the context of Rule 15(a), prejudice is not merely inconvenience or expense; prejudice must inhibit a party's ability to defend its case. *See Henderson v. U.S. Fid. and Guar. Co.*, 620 F. 2d 530, 534 (5th Cir. 1980). Permitting Atkinson to move forward with a Third Amended Complaint will not in any way hinder Defendants' ability to defend the allegations against them. There is simply no prejudice to Defendants.

As for the futility of the proposed amendments, both sides have offered preliminary thoughts on the legal and factual sufficiency of the Third Amended Complaint. At this time, I do not offer an opinion on whether the claims in the proposed amended pleading are futile. "Although it's true that the test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6)," I think the most prudent course of action is to "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Leibel v. City of Buckeye*, No. 18-cv-01743, 2019 WL 4736784, at *3 (D. Ariz. Sept. 27, 2019) (quotation omitted). Defendants' "arguments to the sufficiency of the proposed amendment, even if merited, remain better left for full briefing on a motion to dismiss." *Bentley v. Ariz. Dep't of Child Safety*, No. cv-17-00966, 2018 WL 8262769, at *2 (D. Ariz. Nov. 7, 2018); *see also Williams v. Keybank Nat'l Ass'n*, No. 2:16-cv-00374, 2016 WL 7107765, at *3 (D. Or. Dec. 6, 2016) (granting leave to amend and "find[ing] that it would be preferable to consider the futility arguments in the context of a motion to dismiss for failure to state a claim, whereby the parties could fully brief the sufficiency of plaintiffs' allegations under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing)").

For the reasons discussed above, I grant Atkinson's Motion for Leave to File a Third Amended Complaint. Atkinson must file her amended pleading by Friday, November 15, 2024. Defendants are ordered file responsive pleadings or motions to dismiss by December 13, 2024. A response to any motion to dismiss must be filed by January 17, 2025, with reply briefs due by January 29, 2025.

SIGNED this 13th day of November 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE