**COUNTY ATTORNEY**
Fort Bend County, Texas

BRIDGETTE SMITH-LAWSON
County Attorney

(281) 341-4555
Fax (281) 341-4557

**NOTICE OF DISCOVERY DISPUTE AND
REQUEST FOR A DISCOVERY CONFERENCE
LOCAL RULES AND PROCEDURES 6.E.1**

April 24, 2025

**By Electronic Filing**

Honorable Andrew M. Edison
United States Magistrate Judge
515 Rusk Street, Room 6202
Houston, Texas 77002

Re:  Case No. 4:22-CV-04315; *Yvette S. Atkinson v. Stephen Pustilnik, M.D., et. al.*; In the United States District Court for the Southern District of Texas, Houston Division
**Request for a Discovery Conference**

Judge Edison:

Pursuant to Rule 6.E.1 of this Court's Local Rules and Procedures, the parties submit this joint correspondence seeking a conference with the Court to resolve a discovery dispute, respectfully showing as follows:

### ISSUES TO BE RESOLVED

Plaintiff Yvette S. Atkinson ("Plaintiff") recently issued a subpoena under Rule 45 of the Federal Rules of Civil Procedure seeking (i) the production of documents and (ii) testimony from Terri B. Pustilnik, M.D. ("Dr. Terri Pustilnik") — Dr. Stephen Pustilnik's ex-wife.  The issuance of this subpoena has given rise to a single issue necessitating court intervention.

**Terri B. Pustilnik, M.D.**

Plaintiff is seeking to depose Dr. Terri Pustilnik, on May 13, 2025 and requests that she produce a number of documents related to her and Dr. Stephen Pustilnik's divorce proceeding.[1] These documents include:

- **Business Documents:**  All documents and communications relating to Sebanne Health Services LLC, Metrika Health Services LLC, South Coast Forensics LLC, Houston Edge Works, JJE Real Estate Holdings LLC, and Penn Doctors Inc.[2]

---

[1] *See* Exs. 1, 2.

[2] Ex. 2 at 5

401 Jackson Street, 3rd Floor, Richmond, Texas 77469

Honorable Andrew M. Edison
April 24, 2025
Page 2

- **Psychiatric Evaluation:** All documents and communications relating to any psychiatric evaluation sought or obtained by Dr. Terri Pustilnik against Dr. Stephen Pustilnik in connection with their divorce.[3]

- **Restraining Order:** All documents and communications relating to any temporary restraining order sought or obtained by Dr. Terri Pustilnik against Dr. Stephen Pustilnik.[4]

- **Sanctions:** All documents and communications relating to any sanctions sought or obtained by Dr. Terri Pustilnik against Dr. Stephen Pustilnik in connection with their divorce proceeding.[5]

- **Parental Rights:** All documents and communications relating to any modification of parental rights affecting Dr. Terri Pustilnik's and Dr. Stephen Pustilnik's children.[6]

- **Child Support / Alimony:** All documents and communications relating to any failure by Dr. Stephen Pustilnik to pay alimony or child support or to honor any Court orders.[7]

- **All Communications:** All documents and communications submitted to the Court in connection with Dr. Terri Pustilnik's and Dr. Stephen Pustilnik's divorce proceeding.[8]

- **Gurdian Ad Litem:** All documents and communications between Dr. Terri Pustilnik and the divorce proceeding's guardian ad litem — Ms. Claudia Canales.[9]

Dr. Pustilnik seeks to quash this subpoena for three primary reasons.

- <u>First</u>, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1).

  Plaintiff's subpoenas directed to Dr. Terri Pustilnik are not "limited to information that is relevant to any party's claim or defense." *Id.* Instead, Plaintiff seeks to "go fishing." The subpoenas should be quashed.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 6.

[9] *Id.* at 6.

Honorable Andrew M. Edison
April 24, 2025
Page 3

- <u>Second</u>, Rule 404(a) of the Federal Rules of Evidence provides: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(b) also provides: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

  Plaintiff appears to be seeking evidence from Dr. Terri Pustilnik for the sole purpose of discovering inadmissible character evidence. The subpoenas should be quashed.

- <u>Third</u>, discovery should be denied when a party's aim is to embarrass or harass the person whom discovery is sought. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978).

  Dr. Stephen Pustilnik submits that the subpoenas directed at Dr. Terri Pustilnik are nothing more than an attempt to embarrass and harass him. They have absolutely no bearing on the issues in this case. They should be quashed.

Plaintiff objects that this subpoena, issued under Fed. R. Civ. P. 45, should not be quashed because it seeks relevant evidence that is reasonably likely to lead to the discovery of admissible evidence. The scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. *See, e.g.*, *Donaldson v. Crisp*, No. 1:22-CV-111, 2023 WL 6201372, at *3 (E.D. Tex. Sept. 21, 2023). Fed. R. Civ. P. 26(b)(1) expressly provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," notably highlighting that "i]information within this scope of discovery need not be admissible in evidence to be discoverable." Far from seeking to embarrass or harass Dr. Pustilnik, Plaintiff is seeking discovery under Fed. R. Civ. P. 608 on the central issue of Dr. Pustilnik's truthfulness, critical to an assessment of whether Dr. Pustilnik intentionally prepared a materially false and/or misleading final autopsy report.

Fed R. Civ. P. 608(a) provides that a "witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Here Dr. Pustilnik's ex-wife may have a relevant opinion as to Dr. Pustilnik's character for truthfulness and Plaintiff is entitled to probe this opinion in a deposition. The evidence sought may itself be admissible with leave of court under Fed. R. Civ. P. 408(b) and there is no valid reason to preclude discovery of evidence the court may conclude is admissible, particularly as marital disputes often turn on issues of truthfulness, whether about personal conduct or finances. Dr. Pustilnik and his wife were business partners in at least one of the businesses referenced above and Terri Pustilnik may have knowledge of instances of financial impropriety by her husband relating to required disclosures or the preparation of corporate documents and filings. In addition, obtaining a court-ordered psychiatric evaluation and the appointment of a guardian ad

Honorable Andrew M. Edison
April 24, 2025
Page 4

litem (together with a restraining order) are unusual steps in the absence of very serious concerns, which may also have been motivated by a lack of trustworthiness and truthfulness on Dr. Pustilnik's part. In addition, discovery has already revealed a troubling propensity of Dr. Pustilnik to spread lies about Plaintiff, her deceased husband and her brother, repeatedly telling third parties, without any evidence or basis in fact, that Plaintiff and her husband were involved in financial "shenanigans," "impropriety," "pyramid schemes" and "shady" conduct. This propensity may be related not only to a lack of truthfulness generally, but to a vindictive streak that may well have been behind his ex-wife's need to obtain a restraining order, psychiatric evaluation and guardian ad litem.  Given that the complaint alleges that Dr. Pustilnik prepared a materially false final autopsy report in retaliation against Plaintiff, testimony about a vindictive streak would be relevant and admissible, as may also be the underlying supporting evidence. Any prejudice or confusion of the issues can be prevented at trial by the application of principles of balancing under Fed. R. Civ. P. 403 if necessary.

**Discovery Deadline**

The parties have taken six depositions to date and engaged in extensive written discovery. Plaintiff, however, intends to take the deposition of at least eight more witnesses.  Defendants intend to take the deposition of at least two more witnesses — possibly three.  Moreover, Counsel for Defendants are scheduled for a bench trial in June for Case No. 4:22-cv-4210 styled *Justin Pulliam v. Fort Bend County, TX*, et. al.  Accordingly, the parties request entry of fourth amended scheduling order that extends the discover deadline to facilitate the extensive discovery that still needs to occur.[10]

## OUT OF COURT DISCUSSIONS

Dr. Stephen Pustilnik's Counsel, Rolf F. Krueger, and Plaintiff's Counsel, Mr. Eden Quainton, conferred on these issues via telephonic conference and e-mail on April 21, 2025 through April 23, 2025. The parties were unable to reach a resolution on these matters necessitating court intervention.


*/s/ Eden P. Quainton\**                           */s/ Rolf F. Krueger*
Eden P. Quainton                                Rolf F. Krueger
Counsel for Plaintiff                            Counsel for Dr. Stephen Pustilnik

    \* Signature added with permission
       by Rolf F. Krueger

                                                */s/ Kevin T. Hedges*
                                                Kevin T. Hedges
                                                Counsel for the Fort Bend County Defendants


---

[10] *See* Ex. 3.

Honorable Andrew M. Edison
April 24, 2025
Page 5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served by electronic service on the parties and counsel identified on the attached service list on this the 24th day of April, 2025.

*/s/ Rolf F. Krueger*
Rolf F. Krueger

**SERVICE LIST**

Eden P. Quainton
Jonathan S. Gross
Quainton Law PLLC
2 Park Avenue, 20th Floor
New York, New York 10016
*eden.quainton@quaintonlaw.net*
*jonathangross@gmail.com*

Ty O. Clevenger
147 Prince Street, Suite 2-15
Brooklyn, New York 11201
*tyclevenger@yahoo.com*

Kevin T. Hedges
Fort Bend County Attorney's Office
401 Jackson Street, 3rd Floor
Richmond, Texas 77469
*kevin.hedges@fortbendcountytx.gov*

# Exhibit 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

| | | |
|---|---|---|
| Yvette S. Atkinson | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    22-cv-4315 |
| Stephen Pustilnik, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Terri Pustilnik

███████████████████████

*(Name of person to whom this subpoena is directed)*

▶ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Three Sugar Creek Center, Sugar Creek Center Blvd., Suite 100, Sugar Land TX 77478 | Date and Time: 05/13/2025 9:30 am |
|---|---|

The deposition will be recorded by this method:     Stenographic and Audio-Visual Means

✏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:     Items identified on Subpoena Addendum.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/17/2025

CLERK OF COURT

OR

_____          *Eden P. Quainton*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Yvette S. Atkinson
_____ , who issues or requests this subpoena, are:

Eden P. Quainton, Quainton Law, PLLC, 2 Park Ave., 20th Fl., NY, NY 10016, 212-419-0575, equainton@gmail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22-cv-4315

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

’ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

’ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS HOUSTON DIVISION**

YVETTE S. ATKINSON,

      Plaintiff,

  vs.                                                      Case No. 22-cv-4315

STEPHEN PUSTILNIK, M.D.; et al.,

      Defendants.

**SUBPOENA ADDENDUM**

The subpoena commands the production of the items or things listed below. Each individual Request for Documents (collectively the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules. As used herein, the following terms are to be interpreted in accordance with these definitions:

A.      Capitalized terms not defined herein have the meanings ascribed to them in the Second Amended Complaint.

B.      "Affiliate" as to any Person, means any other Person that, directly or indirectly through one or more intermediaries, is in control of, is controlled by, or is under common control

with, such Person.

C.      The terms "all" and "any" shall be construed as "all and any."

D.      The words "and" and "or" as used herein shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category any documents or information which would not otherwise be within its scope.

E.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) between two or more persons or entities, including, without limitation, written contact by such means as letters, memoranda, reports, computer transmission, electronic mail and attachments, telegrams, fax messages, and other correspondence, and oral contact by such means as meetings and telephone conversations.

F.      "Complaint" means the Third Amended Complaint in the above-captioned matter.

G.      As used herein, the terms "concerning," "pertaining to," "regarding," and "relating to" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, supports, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way, directly or indirectly, relevant to the subject.

H.      "Documents" shall mean "documents or electronically stored information" as defined in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

I.      "Third Amended Complaint" means the operative complaint in the above-captioned matter as of the date hereof.

J.        "Person" means any individual, corporation, limited liability company, trust, joint venture, association, company, limited or general partnership, unincorporated organization, governmental authority, or other entity.

## SPECIFIC DEFINITIONS

1.        "DPS" means Department of Public Safety.

2.         "You," "Your," or "Yours" refers to Terri Lynn Pustilnik and includes all of Your Affiliates, agents, representatives, or other persons, organizations, or others acting or purporting to act on Your behalf, or under Your control.

## INSTRUCTIONS

Plaintiff incorporates by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure and for purposes of this Subpoena, the following instructions shall apply:

A.        Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B.        Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons or entities under Your control.

C.        Produce each responsive document in its entirety including all attachments or other matters affixed thereto. Documents attached to each other should not be separated.

D.        Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

E.      If no responsive documents exist for a specific Request, specifically state that no responsive documents exist.

F.      Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit A.

G.      If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

H.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request. You shall respond to any and all portions of any request that do not fall within the scope of Your objection.

I.      Whether or not You object, You must preserve all Documents and Communications relevant to the above-captioned matter, including all Documents and Communications responsive to the Requests.

J.      Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in the Request, with such specific Request identified.

K.    All Documents produced in electronic form shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files). For all forms of ESI, ensure that ESI is provided in unencrypted form and free of password protection.

L.    In the event any Document or Communication is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of non-disclosure on any other basis, You shall produce a privilege log.

## DOCUMENTS TO BE PRODUCED

1.    All Documents and Communications relating to Sebanne Health Services, LLC, Metrika Health Services, LLC, South Coast Forensics, LLC, Houston Edge Works, JJE Real Estate Holdings, LLC, and Penn Doctors, Inc.

2.    All Documents and Communications relating to any psychiatric evaluation sought or obtained by you of Dr. Stephen Pustilnik in connection with Your divorce from Dr. Stephen Pustilnik.

3.    All Documents and Communications relating to any temporary restraining order sought or obtained by You against Dr. Stephen Pustilnik.

4.    All Documents and Communications relating to any sanctions sought or obtained by You against Dr. Stephen Pustilnik in connection with Your divorce from Dr. Stephen Pustilnik.

5.    All Documents and Communications relating to any modification of the parental rights of Dr. Stephen Pustilnik in connection with Your divorce from Dr. Stephen Pustilnik.

6.    All Documents and Communications relating to any failure by Dr. Stephen Pustilnik to pay alimony or child support or to honor any Court orders.

7.      All Documents and Communications submitted to the Court in connection with Your divorce from Dr. Stephen Pustilnik.

8.      All Documents and Communications between You and Guardian Ad Litem Claudia Canales relating to Dr. Stepehn Pustilnik.

# EXHIBIT A
## CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE

I, _____ , certify as follows:


1.   The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2.   The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3.   Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4.   Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.


Signature: _____  Date: _____

Printed Name: _____

Address,    e-mail    and    telephone    number:_____

_____

_____

**Exhibit 3**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YVETTE S. ATKINSON | § |
| | § |
| | § |
| V. | §    CIVIL ACTION NO.: 4:22-CV-04315 |
| | § |
| | § |
| STEPHEN PUSTILNIK, M.D., ET. AL., | § |

**FOURTH AMENDED AGREED SCHEDULING ORDER**[1]

The parties agree that the following scheduling order shall apply to this case unless modified by the Court or agreement of the parties.

Anticipated length of trial is **5-days**.       **Jury Trial**.

PASSED        **Filing of Operative Third Amended Complaint**
Plaintiff shall file the Operative Third Amended Complaint (ECF No. 56-3 with a minor change to the caption) by this date. Plaintiff agrees that no further amended or supplemental complaints will be filed after this date except to assert potential claims upon a discovery of new information.[2]

PASSED        **Response to Operative Third Amended Complaint**
Defendants may file responsive pleadings or motions to dismiss, or supplemental motions to dismiss, to the Operative Third Amended Complaint by this date. Defendants can, however, rely upon their previously filed Motions to Dismiss to the extent they are applicable. (*See* ECF Nos. 66 and 67).

PASSED        **Response to Motions to Dismiss (if necessary)**
Plaintiff shall file a response to any motion to dismiss, if necessary, by this date. Plaintiff can, however, rely upon her previously filed responses to the extent they are applicable.

---

[1] The parties agree that any deadlines set forth in in the Second and Third Amended Agreed Scheduling Order that have elapsed will not be extended absent leave of court or agreement of the parties. *See* 2nd Am. Agreed Scheduling Order (ECF No. 44 filed on June 10, 2024); *see also* 3rd Am. Agreed Scheduling Order (ECF No. 74 filed on Jan. 24, 2025).

[2] For the avoidance of doubt, Plaintiff currently believes she has a claim for defamation against Defendant Pustilnik. However, the factual predicate for this claim may or may not be established during discovery.

| | |
|---|---|
| PASSED | **Reply to Response (if necessary)** |
| | Defendants shall file a reply to Plaintiffs response, if necessary, by this date. |
| PASSED | **Defendants' Expert Deadline** |
| | Defendants shall identify experts by a report listing the qualifications of each expert, each opinion that the expert is anticipated to present, and the basis for such opinion by this date. |
| October 31, 2025 | **Completion of Discovery** |
| | Discovery shall be completed by this date.  Written discovery is not timely if served so close to this deadline that the recipient would not be required to respond until after the deadline under the Federal Rules of Civil Procedure.  Counsel may, by agreement, continue discovery beyond this deadline. |
| December 15, 2025 | **Dispositive and Non-Dispositive Motions** |
| | All dispositive and non-dispositive motions, except for motions in *limine*, will be filed by this date. |
| _____ | **Joint Pretrial Order** |
| | The Joint Pretrial Order shall be filed by this date.  Plaintiff is responsible for timely filing the complete Joint Pretrial Order.  The Court will not accept separate versions of the pretrial order. |
| _____ | **Final Pretrial Order** |
| | The Final Pretrial Order shall be filed by this date. |
| _____ | **Trial** |
| | Trial begins at 9:00 a.m. on this date. |

It is so ORDERED

_____          _____

Date                                                    The Honorable Andrew M. Edison
                                                          United States Magistrate Judge

**APPROVED AND ENTRY REQUESTED:**

By:/s/ Rolf F. Krueger                       By:/s/ Kevin T. Hedges

    Rolf F. Krueger                          Kevin T. Hedges
    Attorney-in-Charge                      Attorney-in-Charge
    State Bar No. 24080990               State Bar No. 09370100
    Federal ID No. 3041756               Federal ID No. 9939
    rolf.krueger@fortbendcountytx.gov      kevin.hedges@fortbendcountytx.gov
    Fort Bend County Attorney's Office       Fort Bend County Attorney's Office
    401 Jackson Street, 3rd Floor          401 Jackson Street, 3rd Floor
    Richmond, Texas 77469              Richmond, Texas 77469
    (281) 341-4555                        (281) 341-4555
    (281) 341-4557 (Fax)               (281) 341-4557 (Fax)

ATTORNEY FOR DEFENDANT        ATTORNEY FOR THE
STEPHEN PUSTILNIK, M.D.         FORT BEND COUNTY DEFENDANTS

By:/s/ Eden P. Quainton*

    Eden P. Quainton
    Admission Pro Hoc Vice
    equainton@gmail.com
    2 Park Avenue, 20th Floor
    New York, New York 10016
    (212) 419-0575

ATTORNEY FOR PLAINTIFF
YVETTE S. ATKINSON

   * Signature added with permission by Rolf F. Krueger