United States District Court
Southern District of Texas
**ENTERED**
April 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YVETTE S. ATKINSON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04315 |
| | § | |
| STEPHEN PUSTILNIK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Yvette Atkinson has sued Fort Bend County Medical Examiner Stephen Pustilnik, M.D. for alleged constitutional violations arising out of Dr. Pustilnik's allegedly false manner of death designation on the death certificate of Atkinson's late husband. Atkinson recently issued a subpoena to Dr. Terri Pustilnik, the ex-wife of Dr. Stephen Pustilnik. Atkinson is seeking to depose Dr. Terri Pustilnik and have her produce various documents related to the Pustilniks' divorce proceedings. Dr. Stephen Pustilnik objects to the subpoena.

Atkinson claims she is seeking this third-party "discovery under Fed. R. [Evid.] 608 on the central issue of Dr. Pustilnik's truthfulness, critical to an assessment of whether Dr. Pustilnik intentionally prepared a materially false and/or misleading final autopsy report." Dkt. 85 at 3. Rule 608(a) provides that a "witness's credibility may be attacked . . . by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). Atkinson claims that "Dr. [Stephen] Pustilnik's ex-wife may have a relevant opinion as to [his] character for truthfulness and Plaintiff is entitled to probe this opinion in a deposition." Dkt. 85 at 3.

In connection with the deposition of Dr. Terri Pustilnik, Atkinson seeks eight categories of documents:

- **Business Documents:** All documents and communications relating to Sebanne Health Services LLC, Metrika Health Services LLC, South Coast Forensics LLC, Houston Edge Works, JJE Real Estate Holdings LLC, and Penn Doctors Inc.

- **Psychiatric Evaluation:** All documents and communications relating to any psychiatric evaluation sought or obtained by Dr. Terri Pustilnik against Dr. Stephen Pustilnik in connection with their divorce.

- **Restraining Order:** All documents and communications relating to any temporary restraining order sought or obtained by Dr. Terri Pustilnik against Dr. Stephen Pustilnik.

- **Sanctions:** All documents and communications relating to any sanctions sought or obtained by Dr. Terri Pustilnik against Dr. Stephen Pustilnik in connection with their divorce proceeding.

- **Parental Rights:** All documents and communications relating to any modification of parental rights affecting Dr. Terri Pustilnik's and Dr. Stephen Pustilnik's children.

- **Child Support / Alimony:** All documents and communications relating to any failure by Dr. Stephen Pustilnik to pay alimony or child support or to honor any Court orders.

- **All Communications:** All documents and communications submitted to the Court in connection with Dr. Terri Pustilnik's and Dr. Stephen Pustilnik's divorce proceeding.

- **Gurdian [sic] Ad Litem:** All documents and communications between Dr. Terri Pustilnik and the divorce proceeding's guardian ad litem — Ms. Claudia Canales.

Dkt. 85 at 1–2; *see also id.* at 15–16.

These document requests have nothing to do with the substantive claims asserted by Atkinson in this litigation. Instead, these requests are aimed at obtaining information which could, theoretically, be used to impeach Dr. Stephen Pustilnik's credibility at trial. Needless to say, these requests are incredibly broad, intrusive, and personal. I am skeptical that any of these document requests will shed light on Dr. Stephen Pustilnik's credibility. On a more fundamental level, I am not willing to open all doors to discovery of Dr. Stephen Pustilnik's divorce proceedings on the off chance there might be some kernel of information that could

be used for impeachment purposes. Allowing such discovery in this case would, in effect, sanction the full-scale discovery of a party's divorce proceedings in every civil case. That is something I will not do.

Turning to the request to depose Dr. Stephen Pustilnik's ex-wife, I am not convinced. To obtain third-party discovery, Atkinson must show that such discovery is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). There is no reason to believe that Dr. Terri Pustilnik possesses any information related to the substantive issues in this case. Although it is conceivable that Dr. Terri Pustilnik might have a view as to Dr. Stephen Pustilnik's character for truthfulness or untruthfulness, the record before me provides no basis to believe she has such an opinion. I view Atkinson's attempt to depose Dr. Terri Pustilnik as a proverbial fishing expedition. I will not force an individual to sit for a deposition in a civil proceeding involving their ex-spouse when the only conceivably proper questions center on the trustworthiness of the ex-spouse. Such a deposition is burdensome, invasive and, at its core, unwarranted.

For these reasons, I quash the subpoena directed to Dr. Terri Pustilnik.

SIGNED this 28th day of April 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE